UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTINE WEILER,

                Plaintiff,

v.                                            Case Number 12-12402
                                                        Honorable Thomas L. Ludington
DRAPER CHEVROLET CO.,

                Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO STAY DISCOVERY AND DISMISS**

In this case, the question is whether a complaint's allegation that an employee missed work "due to illness" (without any factual elaboration about the illness) is insufficient to state a claim under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. (FMLA).

Because the FMLA only covers cases involving a "serious health condition," not all cases involving an illness, the complaint will be dismissed for not stating a claim on which relief can be granted.

**I**

As the defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), in evaluating whether the complaint states a claim on which relief may be granted the following facts from the complaint are assumed to be true.

Plaintiff Christine Weiler began working for Defendant Draper Chevrolet Company in 2000. Compl. ¶ 8. Hired as a body shop manager, Plaintiff remained employed by Defendant in that capacity for the next decade. *See id*. ¶ 12. The employment relationship ended, however, in July 2011.

Over the course of several days in July 2011, Plaintiff notified Defendant that she would not be coming to work "due to illness." *Id*. ¶ 9. Specifically, the complaint alleges, "From July 21, 2011 to July 26, 2011 Plaintiff informed Defendant Employer that she would not be at work these days due to illness." *Id*. The complaint does not identify Plaintiff's illness, symptoms, or course of treatment. The complaint does, however, allege that "Plaintiff received doctor's excuses for July 25, 2011 and July 26, 2011." *Id*. ¶ 10.

On July 25, 2011, Plaintiff's mother also contacted Defendant, informing Defendant that "Plaintiff would not be at work due to illness." *Id*. ¶ 11. That day, Defendant terminated Plaintiff's employment because of "absenteeism." *Id*. ¶ 12.

This litigation ensued. In June 2012, Plaintiff filed suit against Defendant in this Court claiming violations of the FMLA. In lieu of answering, Defendant now moves to dismiss pursuant to Rule 12(b)(6) and to stay discovery pending resolution of the motion to dismiss. ECF No. 6.

## II

To survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555–56).

## III

Under the FMLA, an eligible employee is entitled to up to twelve weeks of leave during any twelve-month period if the employee has a "serious health condition that makes the

employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" is defined under the FMLA as "an illness, injury, impairment, or physical or mental condition that involves — (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." § 2611(11).

The FMLA further directs the Secretary of Labor to issue regulations "necessary to carry out" the act. 29 U.S.C. § 2654. Following this direction, the secretary has issued regulations defining both "inpatient care" and "continuing treatment." *See* 29 C.F.R. §§ 825.114–115. "Inpatient care means an overnight stay in a hospital, hospice, or residential medical care facility." § 825.114. "Continuing treatment" means "[a] period of incapacity of more than three consecutive full calendar days." § 825.115(a).

The Sixth Circuit "recognizes two distinct theories for recovery under the FMLA." *Hoge v. Honda of Am. Mfg.*, 384 F.3d 238, 244 (6th Cir. 2004). The first is "the 'entitlement' or 'interference' theory arising from 29 U.S.C. § 2615(a)(1)." *Id.* That section provides: "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." § 2615(a)(1). The second is "the 'retaliation' or 'discrimination' theory arising from 29 U.S.C. § 2615(a)(2)." *Hoge*, 384 F.3d at 244. That section provides: "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]." § 2615(a)(2).

In this case, Plaintiff is proceeding under the first theory. The complaint alleges that Defendant violated the FMLA when Defendant "refused to grant Plaintiff FMLA leave even

though Plaintiff clearly was ill and would need time off work to receive medical treatment." Compl. ¶ 14.

To state a claim under the interference theory of § 2615(a)(1), the Sixth Circuit instructs, a plaintiff must demonstrate that: (1) the plaintiff was an eligible employee; (2) the defendant was a covered employer; (3) the plaintiff was entitled to a leave of absence under the FMLA; (4) the plaintiff notified the defendant of her intent to take leave; and (5) the defendant interfered with the plaintiff's right to leave under the FMLA. *Hoge*, 384 F.3d at 244 (citing *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003)).

Here, it is undisputed that Plaintiff was an eligible employee and that Defendant is a covered employer. The remaining elements, however, are in dispute.

**A**

An employee is entitled to leave under the FMLA if the leave is necessitated by "a serious health condition that makes the employee unable to perform the functions of the [employee's] position." 29 U.S.C. § 2612(a)(1)(D). A "serious health condition," as noted, is defined as "an illness, injury, impairment, or physical or mental condition" that requires either "inpatient care" or "continuing treatment." § 2611(11). "Inpatient care" is defined as an "overnight stay" at "a hospital, hospice, or residential medical care facility." 29 C.F.R. § 825.114. "Continuing treatment" is defined as "[a] period of incapacity of more than three consecutive full calendar days." § 825.115(a).

Here, although the complaint repeatedly alleges that Plaintiff had an unspecified "illness," Compl. ¶¶ 9, 11, 19, it does not expressly or implicitly allege that Plaintiff had a "serious health condition" requiring either inpatient care or continuing treatment. First, the complaint does not allege that Plaintiff received "inpatient care" — that is, it does not allege that

she stayed overnight in a hospital, hospice, or residential medical care facility. *See* 29 C.F.R. § 825.114. Likewise, the complaint does not allege that Plaintiff received "continuing treatment" — that is, it does not allege that Plaintiff was incapacitated for more than three consecutive days. *See* § 825.115(a). For example, although the complaint alleges that Plaintiff called in sick over several days in July 2011, it does not contend that she was incapacitated. Likewise, the complaint alleges that Plaintiff "received doctor's excuses for July 25, 2011 and July 26, 2011." Compl. ¶ 10. But two days of "doctor's excuses" are not sufficient to state a claim under the FMLA's implementing regulations.

In sum, the complaint does not allege facts suggesting that Plaintiff had a "serious health condition" as that term is defined by FMLA and its implementing regulations. This is not to suggest that Plaintiff cannot do so, of course, merely that the present complaint has not done so.[1] Accordingly, the complaint must be dismissed for failure to state a claim.

Against this conclusion, Plaintiff writes: "Plaintiff's Complaint states that she was ill. One can clearly infer from illness that the Plaintiff was suffering from an FLMA qualifying event." Pl.'s Resp. Br. 4.

Contrary to Plaintiff's contention, however, modern pleading requires more than mere possibility. To elaborate, Plaintiff is correct that it is possible to infer from the factual allegations in the complaint that Plaintiff was suffering from an FLMA qualifying event. Because the complaint does not identify Plaintiff's illness, symptoms, or course of treatment, it is possible to infer a full range of ailments, from a mild illness to a "serious health condition." No facts alleged in the complaint, however, plausibly suggest that Plaintiff had a serious health

---

[1] In Plaintiff's response to Defendant's motion, for instance, several additional factual assertions regarding Plaintiff's illness, symptoms, and course of treatment are introduced. Plaintiff has not, however, sought leave to amend the complaint to plead these factual allegations. Consequently, they are not before the Court. *See generally Louisiana Sch. Emp. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010); *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000).

condition rather than a mild illness. The complaint simply asserts that Plaintiff missed work "due to illness." Compl. ¶ 9.

Consequently, the complaint does not state a claim on which relief can be granted. As noted, this does not mean that Plaintiff cannot state an FMLA claim, merely that the present complaint has not done so. Accordingly, the Court will dismiss the complaint without prejudice.

**B**

Although the Court need not reach the next element of an interference claim under the FMLA — whether Plaintiff provided adequate notice to Defendant — because the Court may be called upon to decide the question if Plaintiff seeks to file an amended complaint, a brief discussion is appropriate.

The Sixth Circuit instructs that "to invoke the protection of the FMLA, an employee must provide notice and a qualifying reason for requesting the leave." *Brohm v. JH Props., Inc.*, 149 F.3d 517, 523 (6th Cir. 1998) (dictum) (citing *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 762 (5th Cir. 1995)). The employee need not specifically reference FMLA by name, the court instructs, rather: "the critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Brohm*, 149 F.3d at 523 (dictum) (brackets omitted) (quoting *Westlake Polymers*, 66 F.3d at 764). That is, the employer must be notified not only that the employee is ill — but that the employee is seriously ill.

"Calling in 'sick' without providing more information," the Code of Federal Regulations likewise provides, "will not be considered sufficient notice to trigger an employer's obligations under the Act." 29 C.F.R. § 825.303(b). Rather, the employee must "provide sufficient information for an employer to reasonably determine whether the FMLA may apply to the leave

request." *Id*. "Depending on the situation," the regulations elaborate, "such information may include that a condition renders the employee unable to perform the functions of the job; that the employee is . . . has been hospitalized overnight; [that] the employee . . . is under the continuing care of a health care provider; . . . and the anticipated duration of the absence, if known." *Id*.

In *McFall v. BASF Corp.*, 406 F. Supp. 2d 763 (E.D. Mich. 2005) (Edmunds, J.), for example, the plaintiff did not provide her employer sufficient information when she "simply took . . . 'sick' days without any clear explanation as to why." *Id*. at 769. In *Cavin v. Honda of America Manufacturing, Inc.*, 346 F.3d 713 (6th Cir. 2003), in contrast, the plaintiff did provide the employer sufficient information when he informed the employer that he had been injured in a motorcycle accident, was unable to work, and had "just got out of the hospital." *Id*. at 725.

In this case, the complaint alleges that Plaintiff notified Defendant that she would not be coming to work "due to illness." Compl. ¶ 9. The complaint does not allege that Plaintiff notified Defendant that Plaintiff was seriously ill, unable to perform the functions of her job, hospitalized overnight, or under continuing care of a health care provider.

Similarly, the complaint alleges that Plaintiff's mother also contacted Defendant and stated "Plaintiff would not be at work due to illness." *Id*. ¶ 11. Again, however, the complaint does not allege that Plaintiff's mother provided Defendant with any information regarding the seriousness of Plaintiff's illness, symptoms, or course of treatment.

Likewise, although the complaint asserts that "Plaintiff received doctor's excuses," *id*. ¶ 10, neither the form nor content of these "doctor's excuses" are identified in the complaint. *Cf. McFall*, 406 F. Supp. 2d at 765–66, 768 (concluding that doctors notes that "simply cited 'medical illness'" did not provide the employer sufficient notice that the plaintiff was requesting FMLA qualified leave).

Finally, although the complaint asserts that "Plaintiff received doctor's excuses," it does not allege that Plaintiff then sent the excuses to Defendant.

In sum, the allegations in the complaint do not establish that Plaintiff reasonably apprised Defendant that Plaintiff was requesting to take time off for a serious health condition. The complaint must be dismissed for failure to state a claim on this ground as well.

## IV

Accordingly, it is **ORDERED** that Defendant's motion to dismiss (ECF No. 6) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that any motion to amend the complaint must be filed on or before **September 13, 2012** or a judgment of dismissal with prejudice will be entered by the Court.

It is further **ORDERED** that the motion to stay discovery is **DENIED AS MOOT**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: August 29, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 29, 2012.

s/Tracy A. Jacobs  
TRACY A. JACOBS