UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTINE WEILER,

                Plaintiff,

v.                                                    Case Number 12-12402
                                                  Honorable Thomas L. Ludington

DRAPER CHEVROLET CO.,

                Defendant.
_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In a pair of recent landmark decisions sometimes shorthanded as "*Twiqbal*,"[1] the Supreme Court clarified that to state a claim

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In evaluating whether a claim has facial plausibility, however, a district court must also continue to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487

---

[1] *See generally* Cristina Calvar, Note, *"Twiqbal": A Political Tool*, 37 J. Legis. 200, 202 n.21 (2012) (observing that "[t]he nickname 'Twiqbal' has gained increasing popularity when collectively referring to the heightened pleading requirements set forth by *Twombly* and *Iqbal*"); *cf. RHJ Med. Ctr., Inc. v. City of DuBois*, 754 F. Supp. 2d 723, 730 (W.D. Pa. 2010) ("There is a 'new sheriff in town' . . . and his name is '*Twiqbal*.'"); David Mills, *Twombly*, Courtoons (Oct. 23, 2009) (providing illustration of *Twiqbal*'s effect on some plaintiffs), *available at* http://www.courtoons.net/2009/10/23/twombly/.

F.3d 471, 476 (6th Cir. 2007)); *see also Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860 (6th Cir. 2012) (same).

In this Family Medical Leave Act case, the plaintiff sought leave to file an amended complaint. The defendant opposed the motion, contending that the motion should be denied as futile because the proposed amended complaint did not state a claim. The Court granted the plaintiff's motion. The defendant moves for the Court to reconsider its decision. Essentially, Defendant asks the Court to construe the complaint in the light most favorable to the defendant rather than the plaintiff and to draw no reasonable inferences in the plaintiff's favor.

*Twiqbal* may have, as a practical matter, created "a more demanding standard that requires a greater factual foundation than previously was required." Arthur R. Miller, *From Conley to Twombly to Iqbal: A Double Play on the Federal Rules of Civil Procedure*, 60 Duke L.J. 1, 19 (2010). It did not, however, reverse the traditional rules which party gets the benefit of the best light and all reasonable inferences. The defendant's motion for reconsideration will be denied.

**I**

As the defendant continues to contend that the proposed amended complaint is futile because it would not withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for present purposes the following facts from the proposed complaint are assumed to be true.

**A**

Plaintiff Christine Weiler began working for Defendant Draper Chevrolet in 2000. Proposed Am. Compl. ¶ 8 ("Am. Compl."). Hired as a body shop manager, Plaintiff remained employed by Defendant in that capacity for the next decade. *See id.* ¶ 17.

In 2009, Plaintiff underwent spinal fusion surgery. *Id.* ¶ 9. The following year, she underwent a hysterectomy. *Id.* In November 2010, Plaintiff attempted suicide. *Id.* ¶ 10.

"From July 21, 2011 to July 25, 2011," the proposed amended complaint alleges, Plaintiff notified Defendant that she would not be coming to work because of her "serious health condition. Plaintiff was having serious back problems and mental health issues, stemming from the medication for her spinal fusion in 2009 and hysterectomy in 2010." *Id.* ¶ 9.

"On July 25, 2011," the proposed amended complaint continues, "Plaintiff called and left a message with her manager that she would again not be into work because she was feeling like she did last November (Plaintiff attempted suicide the prior November)." Am. Compl. ¶ 10.

She went to her primary care physician, Dr. Minoo Khetarpal. *Id.* Dr. Khetarpal wrote a note explaining that Plaintiff was unable to work on July 25 and sent her to the emergency room. *Id.*; *see id.* Ex. A (attaching doctor's note).

Later in the day on July 25, Plaintiff sent a text message to her manager. Am. Compl. ¶ 12. Notifying Defendant that Plaintiff was in the emergency room, Plaintiff further informed Defendant that she was being admitted to Pathways, a residential treatment facility. *Id.* ¶¶ 12–14. "Medical documentation" was also faxed to Defendant by both Pathways and Dr. Khetarpal. *Id.* ¶ 16. Defendant did not respond to either Plaintiff or her health care providers. *See id.* ¶ 15.

On July 26, 2011, while Plaintiff was still receiving inpatient treatment at Pathways (she received inpatient care at Pathways from July 25 through July 28), she had her mother contact Defendant "to confirm that the employer received the faxes from Plaintiffs medical provide[rs]." *Id.* ¶ 15. Defendant "confirmed that [it] received the documents." Defendant went on to inform Plaintiff's mother "that it did not matter" and that Plaintiff was terminated.

This litigation ensued.

**B**

In June 2012, Plaintiff filed suit against Defendant in this Court claiming violations of the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. In lieu of answering, Defendant moved to dismiss pursuant to Rule 12(b)(6) and to stay discovery pending resolution of the motion to dismiss. ECF No. 6.

On August 29, 2012, the motion was granted in part and denied in part. ECF No. 11. Dismissing the complaint without prejudice, the Court ordered that any motion to amend the complaint must be filed on or before September 13, 2012.

On September 12, 2012, Plaintiff filed a motion for leave to file an amended complaint. ECF No. 12. Defendant opposed the motion, as noted, asserting that leave to amend should be denied because the proposed amended complaint does not state a claim on which relief may be granted. The Court granted Plaintiff's motion. In pertinent part, the Court explained:

> The evidence in this case demonstrates that Plaintiff invoked FMLA protection, at least in viewing the evidence from her point of view, as this Court must on the present standard of review. The proposed amended complaint alleges that Plaintiff received inpatient care at a residential treatment facility, Pathways, from July 25 through July 28. This qualifies as a "serious health condition" under the FMLA.
>
> Plaintiff notified Defendant that she was at the emergency room and was being admitted Pathways on July 25. Pathways also provided notice, faxing "[m]edical documentation" to Defendant. This was sufficient to reasonably apprise Defendant of Plaintiff's need to take time off for an FMLA-qualifying serious health condition. Plaintiff's motion for leave to file an amended complaint will be granted.

Defendant now moves for reconsideration of that decision.

**II**

A motion for reconsideration will be granted only if the moving party identifies "a palpable defect by which the court and the parties . . . were misled" and demonstrates that

correcting the defect "will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is one that is "obvious, clear, unmistakable, manifest or plain." *Scozzari v. City of Clare*, 723 F. Supp. 2d 974, 981–82 (E.D. Mich. 2010) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)), *aff'd sub nom. Scozzari v. Miedzianowski*, 454 F. App'x 455 (6th Cir. 2012). A court will generally not "grant motions for reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3).

### III

In moving for reconsideration, Defendant makes three principal arguments. Each is addressed in turn.

### A

Defendant first asserts that the Court committed a palpable error because it "assumed as part of its ruling facts that Plaintiff did not plead in her proposed Amended Complaint." Def.'s Mot. for Reconsideration 5. Specifically, Defendant asserts that "the Court impermissibly impute[d] to Defendant knowledge of what 'Pathways' was." *Id*. Defendant elaborates:

> Plaintiff does not allege, nor is it proper for the Court to assume, that she told Defendant that Pathways was "a residential inpatient program," that Defendant otherwise had any knowledge of what "Pathways" was, or that by stating she was being admitted to Pathways, Plaintiff was informing Defendant of a serious health condition.

*Id*. Contrary to Defendant's contention, the allegations in the proposed amended complaint plausibly suggest that Plaintiff informed Defendant of a "serious health condition," as that term is defined in the FMLA.[2]

---

[2] As the Court previously explained in granting Plaintiff leave to amend, the FMLA defines a "serious health condition" in part as a "mental condition that involves . . . inpatient care in a . . . residential medical care facility." 29 U.S.C. § 2611(11)(A).

Specifically, the allegations come in paragraphs 10 through 16 of the proposed amended complaint.  Paragraph 10 alleges: "On July 25, 2011, Plaintiff called and left a message with her manager that she would again not be into work because she was feeling like she did last November (Plaintiff attempted suicide the prior November)."  Paragraph 11 alleges that Plaintiff then went to her doctor, who "sent Plaintiff to the emergency room."  Paragraph 12 alleges: "Later on July 25, 2011, Plaintiff texted her manager, stating that she was in the emergency room, and was being admitted to Pathways."  Paragraph 13 alleges that Plaintiff was "admitted in patient" to Pathways.  Paragraph 14 explains that Pathways "is a residential treatment facility."  Paragraph 15 alleges: "Plaintiff had her Mother contact the Defendant on July 26, 2011, to confirm that [Defendant] received the faxes from Plaintiff's medical provide[rs], and [Defendant] confirmed that they received the documents."  And finally, paragraph 16 reiterates: "Medical documentation from Pathways and Plaintiff's primary care physician were provided to [Defendant]."

Construed in a light most favorable to Plaintiff and drawing all reasonable inferences in her favor, these allegations are sufficient to plausibly suggest that Defendant was on notice that Plaintiff was being admitted to receive inpatient mental health care.

Reinforcing this conclusion is *Cavin v. Honda of America Manufacturing., Inc.*, 346 F.3d 713 (6th Cir. 2003).  There, the plaintiff informed the defendant he had been in a motorcycle accident and had just been released from the hospital.  *Id*. at 725.  Based on those facts, the Sixth Circuit concluded it was Defendant's burden to inquire further to determine if FMLA leave applied.  *Id*.  As in *Cavin*, if Defendant here lacked sufficient information about Plaintiff's reason for needing to take leave, it should have inquired further.

"The ostrich is a noble animal," Judge Posner recently observed. *Gonzalez-Servin v. Ford Motor Co.*, 662 F.3d 931, 934 (7th Cir. 2011). But it is not a proper model for a court evaluating whether a complaint states a claim on which relief may be granted. Read as a whole, the allegations in the proposed amended complaint plausibly suggest that Plaintiff informed Defendant of a "serious health condition" as that term is defined in the FMLA.

**B**

Next, Defendant asserts that the Court erred because it "accepted as true allegations in Plaintiff's proposed Amended Complaint that directly contradicted the exhibits attached thereto." Def.'s Mot. 5. Defendant writes:

> [T]he Court also cited to Plaintiff's allegation that Pathways faxed "medical documentation" to Defendant, as further evidence that Plaintiff gave Defendant adequate notice of her need for FMLA leave prior to her termination. An examination of the only medical documentation from Pathways attached by Plaintiff to her proposed Amended Complaint, however, reveals that this documentation was not completed until July 28, 2011.

*Id*. at 6 (citation and emphasis omitted). Again, Defendant's argument lacks merit.

Plaintiff attached two exhibits to her proposed amended complaint. The first is a doctor's note dated July 25, 2011, which specifies that Plaintiff is "unable to work." The second is a discharge form from Pathways, which identifies Plaintiff's "admission date" as July 25, 2011, and her "discharge date" as July 28, 2011.

Neither of these exhibits contradict the allegations in the proposed amended complaint. On the contrary, they confirm that Plaintiff saw her doctor on July 25, 2011, was admitted to Pathways that day, and was discharged on July 28.

Naturally, Plaintiff's discharge form could not have been faxed to Defendant on July 25. The proposed amended complaint does not allege that it was. Rather, as noted, paragraph 15 simply asserts that Defendant received "faxes from Plaintiff's medical provide[rs]." And

paragraph 16 asserts: "Medical documentation from Pathways and Plaintiffs primary care physician were provided to the employer by Plaintiff's medical providers in a timely fashion." Nowhere in the proposed amended complaint is it alleged that the two exhibits were faxed to Defendant on July 25.

Defendant has not identified a palpable defect in the order.

### C

Finally, Defendant asserts: "Stripping Plaintiff's proposed Amended Complaint down to the actual factual allegations made by Plaintiff, without unreasonable inferences, and without consideration of allegations that are directly contradicted by the exhibits attached thereto, Plaintiff's proposed Amended Complaint fails to state a plausible claim." Def.'s Mot. 6. Defendant then reiterates the arguments previously raised in its opposition to Plaintiff's motion for leave to file an amended complaint.

For reasons discussed above, Defendant's assertions that the Court made "unreasonable inferences" and that the allegations in the proposed amended complaint are "contradicted by the exhibits attached thereto" lack merit. As Defendant's premise is unfounded, its conclusion is as well. And finally, as noted, a motion for reconsideration is not the proper vehicle for repeating the same arguments previously decided.

### IV

Accordingly, it is **ORDERED** that Defendant's motion for reconsideration (ECF No. 17) is **DENIED**.

                                                      s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge

Dated: January 31, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 31, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS